# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

CIVIL NO. 1:06CV373
(1:02CR105-4)

| | |
|---|---|
| MICHAEL ANTHONY JENKINS, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, filed November 17, 2006.

Contained within his petition is a challenge to his conviction based on a "cause and prejudice analysis." Generally, that type of challenge is brought pursuant to 28 U.S.C. § 2254 involving a state court conviction. Therefore, out of an abundance of caution, the Court will comply with the dictates of *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), and advise the Petitioner that the Court intends to construe his motion as one filed pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct

sentence. As such, the Petitioner will be given an opportunity to agree or disagree with this modification.

If the Petitioner timely responds to this Order and does not agree to have the motion recharacterized as one under § 2255, the Court will rule on the merits of the motion as filed. However, if the Petitioner fails to respond to this Order or agrees to have the motion recharacterized as one under § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed.

Before agreeing to the recharacterization of the motion, the Petitioner is advised that if the Court construes the instant motion as one under § 2255, it will constitute a first petition under § 2255 and the Petitioner must receive certification from the United States Court of Appeals for the Fourth Circuit before he can file a second or successive petition in the district court. Additionally, the law imposes a one year statute of limitations on the right to bring a motion pursuant to § 2255. This one year period begins to run at the latest of:

1. the date on which the judgment of conviction became final; in this case the date is March 19, 2006;

2. if the Petitioner was prevented from making a motion under § 2255 by governmental action in violation of the Constitution or laws of the United States, the date on

        which the impediment created by such governmental action is removed;

3. the date on which the right asserted was initially recognized by the Supreme Court, if such right has been newly recognized by the Supreme Court **AND** made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**IT IS, THEREFORE, ORDERED** that the Petitioner file response on or before 30 days from service of the Order.  In the response, the Petitioner shall advise the Court whether or not he agrees with the recharacterization of the motion herein.  If the Petitioner does not agree to the modification, the Court will rule on the merits of the pending motion.  If the Petitioner agrees to the modification, he may file amendments to the original motion to include any grounds not alleged in the original filing along with his response to the Court's Order.  If the Petitioner files such amendments, he must do so within the 30-day period stated above.

      The Petitioner is advised that if he does not timely respond to this Order, the Court will proceed with its recharacterization of the motion herein.

4

Signed: November 27, 2006

*[signature]*

Lacy H. Thornburg
United States District Judge